IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3239-M

| | | |
|---|---|---|
| STEVEN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEPARTMENT OF PUBLIC SAFETY, | ) | |
| LT. CHRISTOPHER MARTIN, UNIT | ) | |
| MANAGER SHIRMAN, UNIT | ) | |
| MANAGER BARNES, C/O JOHNSON, | ) | |
| SERGEANT SHIRLEY, C/O GHERE, | ) | |
| and UNIT MANAGER JOYNER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions for preliminary injunction and temporary restraining order ("TRO") (D.E. 7, 12), to appoint counsel (D.E. 9, 11, 15, 21, 27, 30), and for transfer (D.E. 12, 32).

A.  Motions to Appoint Counsel (D.E. 9, 11, 15, 21, 27, 30)

No right to counsel exists in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The presence of "exceptional circumstances" depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa, 490 U.S. 296 (1989) (citation omitted); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se

litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that this case is one in which exceptional circumstances merit appointment of counsel. Further, plaintiff's filings demonstrate his ability to proceed pro se. Accordingly, the court denies plaintiff's motions to appoint counsel.

B. Motions for Preliminary Injunction and TRO (D.E. 7, 12) and for Transfer (D.E. 12, 32)

Plaintiff seeks an order directing defendants Unit Manager Sherman, Unit Manager Barnes, Sergeant Shirley, Christopher Martin, C/O Johnson, and C/O Ghere to have no contact with plaintiff.[1] (First Mot. for Prelim. Inj. (D.E. 7) at 2). Plaintiff also requests a transfer to a different facility due to defendants and other correctional officers subjecting him to harassment and physical assaults. (Second Mot. for Prelim. Inj. (D.E. 12) at 2–3; Mem. in Supp. of Mot. for Prelim. Inj. (D.E. 13) at 1–2; Mot. for Transfer (D.E. 32) at 1).

The standard for a temporary restraining order is the same as the standard for granting a preliminary injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (noting that a temporary restraining order is distinguishable from a preliminary injunction only in duration). To obtain relief, plaintiff "must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of . . . relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Issuing an injunction "based only on a possibility of irreparable harm is inconsistent with [the Supreme

---

[1] Plaintiff also appears to request that correctional officer James Bullock ("Bullock") have not contact with plaintiff. (See First Mot. for Prelim. Inj. (D.E. 7) at 2). However, Bullock is not a party in the instant action. A federal court "may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985; see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint."). Accordingly, any such request is denied.

2

Court's] characterization of injunctive relief as an extraordinary remedy that only be awarded upon clear showing that the plaintiff is entitled to such relief." Id. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

Here, plaintiff has not demonstrated a likelihood that he will succeed on the merits of his underlying complaint. Nor has he established that an injunction is in the public interest. See Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Accordingly, plaintiff's motions are denied.

Moreover, an inmate does not have the constitutional right to select his place of incarceration. See Montanye v. Haymes, 427 U.S. 236, 243 (1976) ("We also agree with the State of New York that under the law of that State [the inmate] had no right to remain at any particular prison facility and no justifiable expectation that he would not be transferred unless found guilty of misconduct."); Meachum v. Fanno, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); Ajaj v. Smith, 108 F. App'x 743, 744 (4th Cir.2004) ("To the extent that [the inmate] complained about his transfer to Colorado, the Bureau of Prisons has discretion to determine where and under what conditions a federal prisoner is housed. Further, [the inmate] did not have a protected liberty interest in remaining at FCI–Edgefield."). Furthermore, it is within the discretion of the North Carolina Department of Public Safety to assign inmates to their place of incarceration. See Johnson v. Ozmint, 456 F. Supp. 2d 688, 695 (D.S.C. June 2, 2006) ("So far as the federal constitution is concerned, the placement in a certain institution and

3

Case 5:22-ct-03239-M Document 35 Filed 02/16/23 Page 3 of 6

custody classification of state prison inmates is a matter for state prison-official discretion whose exercise is not subject to federal procedural due process constraints.")

Accordingly, plaintiff's motions are denied.

C.  Initial Review

The court next addresses the initial review of the complaint. When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). However, a pro se plaintiff's pleading must contain "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). The court need not accept as true any legal conclusions or unwarranted factual inferences. Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

4

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff alleges his Eighth Amendment rights were violated when defendants used excessive force to extract him from his cell. (Compl. (D.E. 1) at 5–6; First Suppl. in Supp. (D.E. 19) at 1–3; Second Suppl. in Supp. (D.E. 29) at 3–4). Plaintiff also alleges officers attacked him without provocation while he was being assessed by medical after being extracted from his cell. (Compl. (D.E. 1) at 5–6; First Suppl. in Supp. (D.E. 19) at 3; Second Suppl. in Supp. (D.E. 29) at 4).

Because plaintiff is incarcerated in North Carolina, the court construes plaintiff's claims against defendant Department of Public Safety as against the North Carolina Department of Public Safety ("NCDPS"). NCDPS is not a "person" amendable to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Also, NCDPS is immune to suit pursuant to the Eleventh Amendment. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995).

To the extent plaintiff alleges official capacity claims for monetary damages against defendants, such claims are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to state officers or agents acting in their official capacities. Gray v. Laws, 51 F.3d 426,

---

[1] The exceptions to Eleventh Amendment immunity are not applicable here. See College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); Ex parte Young, 209 U.S. 123, 159 (1908).

5

430 (4th Cir. 1995) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Accordingly, plaintiff's official capacity claims for monetary damages are dismissed.

Regarding the remaining defendants, plaintiff's individual capacity claims of excessive force survive initial review. See Brooks v. Johnson, 924 F.3d 104, 112–13 (4th Cir. 2019) (providing standard for excessive force claim).

## CONCLUSION

For the reasons discussed above, plaintiff's motions for preliminary injunction and TRO (D.E. 7, 12), to appoint counsel (D.E. 9, 11, 15, 21, 27, 30), and for transfer (D.E. 12, 32) are DENIED. Plaintiff's claims against defendant Department of Public Safety and official capacity claims for money damages are DISMISSED. Plaintiff is ALLOWED to proceed on his Eighth Amendment individual capacity claims against the remaining defendants. The court DIRECTS the clerk to continue management of the action pursuant to Standing Order 14-SO-02 and, if it becomes necessary, DIRECTS the United States Marshals Service to proceed with service of process pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 16th day of February, 2023.

RICHARD E. MYERS, II
Chief United States District Judge