IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-CT-3239-M

STEVEN TAYLOR,

        Plaintiff,

v.

LT. CHRISTOPHER MARTIN, et al.,

        Defendants.[1]

ORDER

This matter is before the court on defendants' motion for summary judgment [D.E. 58]. Plaintiff did not respond. For the reasons discussed below, defendants' motion is granted.

## PROCEDURAL HISTORY

On July 18, 2022, plaintiff, a former state inmate filed the instant action pursuant to 42 U.S.C. § 1983 alleging defendants violated his Eighth Amendment rights under the United States Constitution by using excessive force to extract him from his cell and attacking him without provocation while being assessed by medical. (Compl [D.E. 1] at 5–6). On February 16, 2023, the court conducted a frivolity review of the complaint and allowed the action to proceed as to plaintiff's claims individual capacity Eighth Amendment claims against all defendants except formerly named defendant Department of Public Safety.

---

[1] In their declarations submitted in support of their motion for summary judgment, defendants indicate their correct names are as follows: (1) "Lt. Christopher Martin" is "Christopher Martin"; (2) "Unit Manager Shirman" is "Dominique Sherman"; (3) "Unit Manager Barnes" is "Joshua Barnes"; (4) "C/O Johnson" is "Michael Johnson"; (5) "Sergeant Shirley" is "Colby Shirly"; (6) "C/O Ghere" is "Patrick Ghere"; (7) "Unit Manager Joyner" is "Da'Shone Joyner." (See Def. Ex 2 [D.E. 61-2]; Def. Ex. 3 [D.E. 61-3]; Def. Ex. 4 [D.E. 61-4]; Def. Ex. 5 [D.E. 61-5]; Def. Ex. 6 [D.E. 61-6]; Def. Ex. 7 [Def. Ex. [D.E. 61-7]; Def. Ex. 8 [D.E. 61-8]). Therefore, the court will direct the clerk to make such corrections on the docket.

On March 15, 2024, defendants filed the instant motion for summary judgment. In support, defendants filed a memorandum in support, statement of material facts, and appendix of exhibits consisting of the following: (1) declaration of counsel; (2) plaintiff's offender information data; (3) plaintiff's medical records; (4) surveillance video; and (5) the declarations of defendants Christopher Martin, Dominique Sherman, Joshua Barnes, Michael Johnson, Colby Shirley, Patrick Ghere, and Da'Shone Joyner.

On March 18, 2024, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the court notified plaintiff about the motion for summary judgment, the consequences of failing to respond, and the response deadline. As noted above, plaintiff did not respond.

## DISCUSSION

A.  Legal Standard

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at

2

249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B.  Analysis

Defendants have satisfied their burden in identifying evidence of record demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see also Def. Mem. [D.E. 59] at 2–12). Thus, the burden shifts to plaintiff, and he "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587. Plaintiff has not responded to defendants' motion for summary judgment, and his complaint and supplements thereto are not verified. Therefore, he has not met his burden, and defendants are entitled to judgment as a matter of law. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (concluding a verified complaint can defeat a motion for summary judgment).

To the extent plaintiff attempted to bring a claim for deliberate indifference towards his serious medical needs for receiving no medical attention, plaintiff fails to identify any defendant that refused him medical treatment. (See Compl. [D.E. 1] at 6). Accordingly, this claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

## CONCLUSION

For the reasons discussed above, the court GRANTS defendants' motion for summary judgment [D.E. 58]. Plaintiff's Eighth Amendment deliberate indifference claims are

---

[2]  Section 1915(e)(2) provides that where the plaintiff proceeds in forma pauperis, the court may dismiss the action "at any time" if it determines the plaintiff has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

3

DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is DIRECTED to correct the names of defendants on the docket as provided in footnote one and to close this case.

SO ORDERED, this the 28th day of JANUARY, 2025.

*Richard E. Myers II*
RICHARD E. MYERS, II
Chief United States District Judge